1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**

8                              **DISTRICT OF NEVADA**

9

10   THE EDGE AT RENO CONDOMINIUM          )        3:11-cv-00085-HDM-RAM
     UNIT-OWNERS ASSOCIATION, INC.,        )
11                                         )
                     Plaintiff,            )        ORDER
12                                         )
     vs.                                   )
13                                         )
     SNOWDEN ENGINEERING, INC., LARRY      )
14   C. KESTER d/b/a ARCHITECTS            )
     COLLECTIVE, and PEZONELLA             )
15   ASSOCIATES, INC.,                     )
                                           )
16                   Defendants.           )
     _____ )
17

18        This action was removed from state court on the basis of

19   diversity jurisdiction under 28 U.S.C. § 1332. There is no federal

20   question jurisdiction. Before the court is the plaintiff's motion

21   to remand (#8). Defendant Architects Collective ("AC") has opposed

22   the motion (#16),[1] and plaintiff has replied (#20).

23        Section 1332 provides a United States district court with

24

25        [1] The motion to remand was filed on February 22, 2011. Defendant
     Pezonella was served with the complaint and summons on March 7, 2011.
     Pezonella has not filed an opposition to the motion to remand or a joinder
26   to AC's opposition. On March 18, 2011, however, Pezonella did join in AC's
     motion to dismiss, which was filed on February 14, 2011. Pezonella is thus
27   aware of the pending motions in this action and has had sufficient
     opportunity to oppose the motion to remand. As Pezonella has neither filed
28   an opposition nor asked for additional time to do so, the court considers
     the motion fully briefed.

                                        1

1  original jurisdiction over "all civil actions where the matter in

2  controversy exceeds the sum or value of $75,000, exclusive of

3  interest and costs, and is between . . . citizens of different

4  States." 28 U.S.C. § 1332(a)(1). Section 1441(a) provides that "any

5  civil action brought in a State court of which the district courts

6  of the United States have original jurisdiction may be removed by

7  the defendant or defendants, to the district court of the United

8  States for the district and division embracing the place where such

9  action is pending." 28 U.S.C. § 1441(a). Section 1447(c) provides,

10  "If at any time before final judgment it appears that the district

11  court lacks subject matter jurisdiction, the case shall be

12  remanded."  28 U.S.C. § 1447(c).  The removal statute is strictly

13  construed against removal jurisdiction, and "[f]ederal jurisdiction

14  must be rejected if there is any doubt as to the right of removal

15  in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

16  Cir. 1992).

17       Section 1332 requires complete diversity, meaning that each

18  plaintiff must be a citizen of a different state than each

19  defendant. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th

20  Cir. 2004). Plaintiff is a citizen of Nevada, and defendant AC is a

21  citizen of Oklahoma. Although it is undisputed that defendant

22  Pezonella is also citizen of Nevada, AC asserts that the court

23  should not consider Pezonella's citizenship as it is not a viable

24  defendant. AC sets forth two bases for this conclusion.

25       First, AC asserts that plaintiff did not timely serve

26  Pezonella under Rule 4(m) of the Federal Rules of Civil Procedure

27  or Rule 4(i) of the Nevada Rules of Civil Procedure. Thus, AC

28  argues, plaintiff is incapable of proceeding against Pezonella on

2

this complaint. Rules 4(m) and 4(i) require service of the summons and complaint upon a defendant within 120 days after filing the complaint. Failure to timely serve will result in the dismissal of a defendant unless for good cause shown the court extends the deadline for service. Plaintiff filed its complaint on November 10, 2010. The deadline to serve Pezonella was therefore March 10, 2011. Plaintiff served Pezonella on March 7, 2011, within the 120-day deadline. (Doc. #18). Accordingly, because plaintiff timely served Pezonella, AC's argument that Pezonella is not a viable defendant because it has not been timely served is moot.

AC also appears to argue that because Pezonella had not been served at the time of removal, its citizenship does not factor into the diversity determination. However, the law is clear that the citizenship of unserved defendants must be considered in determining whether complete diversity exists in a removed action. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1266 n.4 (9th Cir. 1992) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)) (original emphasis omitted) (A defendant cannot "ignore an unserved, nondiverse co-defendant in seeking to remove a case to federal court based on diversity."); *see also Hoskinson v. Alza Corp.*, 2010 WL 2652467, at *1 (E.D. Cal. 2010). Accordingly, this argument is without merit.

Second, AC asserts that Pezonella has been fraudulently joined. A nondiverse defendant will not destroy complete diversity if the defendant was fraudulently joined. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder will be found where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious

3

1  according to the settled rules of the state." *Hunter v. Philip*

2  *Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal

3  punctuation omitted). While the removing party is entitled to

4  present facts showing the joinder to be fraudulent, the court does

5  not consider whether the resident defendant could propound a

6  defense to an otherwise valid cause of action. *Ritchey v. Upjohn*

7  *Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). The general

8  presumption is against fraudulent joinder. *Hamilton Materials, Inc.*

9  *v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

10       Plaintiff named both Pezonella and AC in an earlier

11 construction defect complaint filed in state court and based on the

12 same facts underlying this case. Both Pezonella and AC are design

13 professionals. AC moved to dismiss the complaint on the grounds

14 that plaintiff had not complied with Nev. Rev. Stat. § 40.6884(1),

15 which requires that the first pleading in a construction defect

16 action against a design professional include an affidavit of merit.

17 Pezonella joined in the motion to dismiss. The state court granted

18 AC's motion to dismiss, holding that a complaint lacking the

19 required affidavit is void *ab initio*. The court denied plaintiff

20 leave to amend because a complaint void *ab initio* does not exist

21 and thus cannot be amended. The court's order did not mention

22 Pezonella or its joinder in the motion to dismiss.

23      Final judgment was entered in AC's favor on December 22, 2010.

24 As of the date of removal and of plaintiff's service on Pezonella,

25 no final judgment had been entered in Pezonella's favor. On March

26 4, 2011, Pezonella moved in state court for the entry of final

27 judgment on the grounds that it had joined in AC's motion to

28 dismiss and was also a design professional.

4

1     Defendants argue that the complaint in this case "is not

2  capable of commencing an action against Pezonella" because at the

3  time of service Pezonella was still an active defendant in the

4  prior state court case. Defendants argue that Pezonella could not

5  therefore be served with the complaint in this case "as it would

6  subject Pezonella to two concurrent state court actions by

7  Plaintiff based on the same transactions and occurrences." (AC

8  Opp'n 5:15-16); (Pezonella Joinder to Mot. to Dismiss 2:11-15).

9     Neither defendant cites any law to support this proposition,

10 and the court can find none. Indeed, when a plaintiff files two

11 complaints against the same defendant based on the same facts, the

12 court is presented with arguments based on res judicata, collateral

13 estoppel, or comity. Even if the defendants are correct in their

14 conclusory assertion, however, such law is by no means "obvious

15 according to the settled rules" of Nevada.

16    Plaintiff's complaint states a claim against Pezonella for

17 construction defect. Moreover, notwithstanding the service issues,

18 it is clear that Pezonella is both factually and legally a proper

19 party to the action. Plaintiff's understanding of the import of the

20 state court's order dismissing AC – that it declared the complaint

21 void as to all design professionals in that action, including

22 Pezonella – was reasonable and is no basis for finding the joinder

23 of Pezonella fraudulent.

24    At the most, defendants' arguments present defenses to the

25 otherwise legitimate claims asserted by plaintiff against

26 Pezonella. As noted, these defenses are not considered when

27 determining whether the plaintiff has stated a claim against the

28 resident defendant. AC has failed to carry its burden to establish

5

1   fraudulent joinder.[2] Pezonella is thus a legitimate and proper

2   defendant to this action. Its presence therefore destroys complete

3   diversity and strips this court of subject matter jurisdiction.

4        Finally, AC argues that plaintiff has waived its right to

5   object to this court's jurisdiction by obtaining summonses,

6   opposing the motion to dismiss, and dismissing one of the

7   defendants while in this court. Regardless of the parties' actions,

8   however, "the defense of lack of subject matter jurisdiction cannot

9   be waived, and the court is under a continuing duty to dismiss an

10  action whenever it appears that" it lacks jurisdiction. *Augustine*

11  *v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *see also* 28

12  U.S.C. § 1447(c). Because the court concludes that Pezonella was

13  not fraudulently joined, there is no diversity of jurisdiction

14  under § 1332. The court therefore does not have subject matter

15  jurisdiction over this case, and it must be remanded.

16       Accordingly, the plaintiff's motion to remand (#8) is granted.

17  This action is hereby remanded to the Second Judicial District

18  Court of Nevada in and for the County of Washoe.

19       IT IS SO ORDERED.

20       DATED: This 12th day of April, 2011.

21                            *Howard D. McKibben*

22                            _____
                              UNITED STATES DISTRICT JUDGE

23

24

25

26

27   ──────────────

28       [2] The court finds the parties arguments regarding Nev. Rev. Stat. §
     11.500 to be irrelevant to its determination of the motion to remand.

                                    6